ON PETITION FOR REHEARING
115 After the issuance of our decision in this case, the Whites submitted a petition for rehearing, requesting that we reconsider our conclusion that they had failed to preserve the issue raised on appeal. We decline to disturb our original decision.
116 In their petition for rehearing, the Whites draw our attention to several other places in the record where they requested attorney fees under Utah Code section 78B-6-311 in connection with the contempt proceeding they had initiated against Wright. The fact that they requested attorney fees on more occasions than we identified in our original decision does not address the core preservation problem on which the decision turned, i.e., that they never explained to the district court the particular legal significance that they ascribed to their request for attorney fees. The Whites now persist in their contention that by asking for attorney fees they made the contempt proceeding civil in nature, thus requiring application of a lower standard of proof (clear and convincing evidence), rather than the criminal contempt standard of proof (beyond a reasonable doubt) that the court actually applied. However, the Whites still have not identified any place in the record where they indicated to the court that their request for attorney fees automatically required the court to consider the proceeding to be civil in nature or even mentioned the standard of proof applicable to contempt proceedings, whether civil or criminal.
117 Even if a request for attorney fees alone should have been sufficient to communicate such an argument to the court, as the Whites now contend, when the district court rendered its written decision, it should have become apparent that the district court had not understood that argument because the court explicitly labeled the proceedings as criminal and identified the applicable standard of proof as beyond a reasonable doubt. At that moment, it became erystal clear that the court's view of the proceedings significantly diverged from the Whites', ie., that the court had misunderstood the legal implications of their bare request for attorney *840 fees. The Whites do not contend that they themselves were unaware of what they now assert as error in the court's decision, yet they made no attempt to alert the court to this core disagreement even though they filed a subsequent objection to the resulting order, criticizing it in a number of other particulars.
1 18 Although the Whites do not characterize their argument in this way, they appear to be claiming that the district court's failure to understand the implication of their request for attorney fees was a mistake so obvious that it amounted to plain error, which is an exception to the preservation requirement. See generally Danneman v. Danneman, 2012 UT App 249, ¶ 10, 286 P.3d 309 (mem.) (explaining that to demonstrate plain error, the party asserting an unpreserved issue must show "that (1) the district court erred, (2) the error should have been obvious to the district court, and (8) the error was harmful" (citation and internal quotation marks omitted)). They have provided no plain error analysis, however, and it is not at all clear that the point, even if correct, should have been obvious to the district court.
19 In addition, the argument the Whites raised on appeal is not simply that the court abused its discretion in characterizing the contempt proceeding as it did but that the district court erred as a matter of law. In effect, the Whites argue that they, and not the district court, had the authority to determine whether the purpose of the contempt proceeding was civil or criminal. See supra 8. That argument was never articulated to the district court, regardless of how many times the Whites requested attorney fees or whether the Whites' request for attorney fees should have been interpreted as a request for a civil, as opposed to a criminal, contempt proceeding.
1 20 Accordingly, we decline to change our decision affirming the district court.